**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Dawn Y. Watson, | ) | Civil Action No. 9:18-cv-01663-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Andrew M. Saul, *Commissioner of* | ) | |
| *Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action arises from Plaintiff Dawn Y. Watson's application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision because "the record contains substantial evidence to support the conclusion of the Commissioner that Plaintiff was not disabled within the meaning of [the Act]." (ECF No. 23 at 11.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 23) and **AFFIRMS** the final decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 23 at 1–10.) Plaintiff applied for DIB in March 2015, claiming a disability onset date of February 8, 2015. (*Id.* at 1.) Her alleged disability is caused by various health issues, including "bipolar disorder, major depressive disorder, post-traumatic stress disorder, anxiety disorder, right shoulder rotator cuff disease, patellofemoral disorder of her knees, lumbago, cervical spondylosis, and headaches." (*Id.* (citing ECF No. 10-2 at 20; 10-5 at 4–8; 10-

6 at 6).) The Social Security Administration denied Plaintiff's initial application and her subsequent request for reconsideration. (*Id.*) Plaintiff appeared before an Administrative Law Judge ("ALJ") in November 2017 seeking a review of her application. (*Id.* (citing ECF No. 10-2 at 35–65).) The ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB based on the following findings of fact and conclusions of law:

> The claimant meets the insured status requirements of [the Act] through December 31, 2020. []
>
> The claimant has not engaged in substantial gainful activity since February 8, 2015, the alleged onset date (20 C.F.R. § 404.1571, *et seq.*).
>
> The claimant has the following severe impairments: bipolar disorder, major depressive disorder, post-traumatic stress disorder, anxiety disorder, right shoulder rotator cuff disease, patellofemoral disorder of the knees, lumbago, cervical spondylosis, and headaches (20 C.F.R. § 404.1520(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except no more than occasional pushing and pulling with the bilateral upper and lower extremities; and no more than occasional overhead reaching with the right upper extremity. Additionally, the claimant should avoid climbing ladders, ropes, and scaffolds; and should no more than occasionally climb ramps and stairs, balance stoop, kneel, crouch, or crawl. She should avoid concentrated exposure to hazardous machinery and unprotected heights. Finally, she would not be capable of performing complex or detailed tasks, but could understand, remember, and carry out simple and semi-detailed tasks.
>
> The claimant is capable of performing past relevant work as a personnel clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).
>
> The claimant has not been under a disability, as defined in [the Act], from February 8, 2015, through the date of this decision (20 C.F.R. 404.1520(f)).

(*Id.* (citing ECF No. 10-2 at 20–30) (internal citations omitted).) The Appeals Council denied

Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* (citing ECF No. 10-2 at 2–7).)

Plaintiff filed a Complaint on June 18, 2018. (ECF No. 1.) The Commissioner filed the administrative record on January 2, 2019. (ECF No. 10.) Plaintiff filed a brief on April 17, 2019, claiming that there is not substantial evidence to support the ALJ's decision. (ECF No. 19.) In a brief filed on May 20, 2019, the Commissioner asserts that the ALJ's findings are supported by substantial evidence and are without error (ECF No. 17), to which Plaintiff filed a response brief on June 3, 2019 (ECF No. 21). The Magistrate Judge issued a Report on October 30, 2019, recommending that this court affirm the Commissioner's final decision. (ECF No. 23 at 11.) Plaintiff timely filed Objections to the Report on November 13, 2019 (ECF No. 24), and the Commissioner filed a Reply opposing Plaintiff's Objections on November 21, 2019. (ECF No. 25.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

### III. DISCUSSION

Plaintiff objects and contends that the Magistrate Judge erred "finding that there is no apparent conflict between the reasoning level 4 requirements outlined in the Dictionary of Occupational Titles ['DOT'] and a residual functional capacity ['RFC'] for simple and semi-detailed tasks." (ECF No. 24 at 1–2.) Specifically, "the ALJ erred by failing to obtain an explanation from the [vocational expert] . . . for the conflict between the DOT's Reasoning Development Level 4 requirements for the job of personnel clerk and Plaintiff's limitation to understanding, remembering, and carrying out only simple and semi-detailed tasks. (*Id.* at 3–4.) In short, the Commissioner asserts that "Plaintiff has not only failed to demonstrate that she was not able to return to her past relevant work . . . as actually performed, but she also failed to prove she was unable to return to that job as generally performed, providing an additional reason to overrule Plaintiff's objections." (ECF No. 25 at 6–7.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

Here, after a thorough review of Plaintiff's Brief (ECF No. 19), and the Report (ECF No. 23), and Plaintiff's Objection (ECF No. 24), the court concludes that Plaintiff simply rehashes arguments that have been addressed by the Magistrate Judge. Therefore, the court finds that the Report provides well-reasoned and properly analyzed issues that are reiterated in Plaintiff's Objection. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result").

## IV. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 31, 2020
Columbia, South Carolina